[No. 1422. December 8, 1911.]

J H. O'RIELLY, Appellee, v. JOHN W. COLBERT and COAST LINES HOSPITAL ASSOCIATION, Garnishee, Appellants.

### SYLLABUS.

1. A resident of the territory and the head of a family is exempt from garnishment of his wages, except for debt incurred for the necessities of life.

Appeal from the District Court of Bernalillo County before IRA A. ABBOTT, Associate Justice. Reversed.

. E. L. MEDDLER for Appellants.

The exemption law in force at the time the contract was made governs the rights of the parties. C. L. 1897,

sec. 1737; Laws 1909, chap. 63, sec. 26; Gunn v. Barry, 15 Wall. 610; Edwards v. Keasey, 96 U. S. 607; Waples Hom. & Ex., sec. 9; 18 Cyc. 1378.

Terms "wages" and "salary" are not entirely synonymous. 12 Enc. Law, 2 ed. 135, 138; South etc. R. Co. v. Falkner, 49 Ala. 115; McLellan v. Young, 54 Ga. 399.

Repeal of any law by implication is not favored. 1 Lewis Suth. Stat. Con., secs. 256, 267; C. L. 1897, sec. 1737; Territory v. Digneo, 15 N. M. 159; Front v. Wenie. 157 U. S. 46; U. S. v. Healey, 160 U. S. 147.

Traverse. Laws 1909, chap. 63, sec. 24; National Bank v. Brooks, 9 N. M. 125.

FELIX H. LESTER for Appellee.

Section 26, Chapter 63, Laws 1909, did not involve impairment of any substantial rights. C. L. 1897, sec. 1737; New Mexico National Bank v. Brooks, 9 N. M. 113; Laws 1887, ch. 37, sec. 6; Laws 1897, chap. 71; Sparger v. Cumpton, 54 Ga. 359; 13 Wis. 238; Cooley's Const. Lim. 383; Harris v. Glenn, 56 Ga. 96; Von Hoffman v. City of Quincy, 4 Wall. 553; Edwards v. Kearzey, 6 Otto 608; Thompson on Homesteads and Exemptions, secs. 13-15; Cooley's Constitutional Limitations, 5 ed. 349; Myers et al. v. Moran, et al., 99 N. Y. Supp. 269.

Section 26 of the Act of 1909 repealed sub-section 6 of section 1737, C. L. 1897.

Section 26 of the Act of 1909 determines the right of exemption. Bovard v. K. C. Ft. Sc. & M. Ry. Co., 83 Mo. App. 498; Commonwealth ex rel. Wolfe v. Butler, 99 Pa. St. Rep. 535; Dayton v. Ewart, 98 Am. St. Rep. 549; Bell v. Indian Livestock Co., 3 L. R. A. 642; Morse v. Robertson, Hawaii, 195; 8 Words & Phrases, 7371.

## STATEMENT OF THE CASE.

John W. Colbert, the appellant, was employed by the Coast Lines Hospital Association, at Albuquerque, New Mexico, as a surgeon, at a monthly salary of $200. per month. On April 24, 1909, J. H. O'Rielly recovered a judg-

ment against him for $578.30. The present suit was brought against Colbert and the Coast Lines Hospital Association as garnishee, and alleged that the judgment defendant Colbert, had no property in his possession within the Territory of New Mexico, subject to execution, sufficient to satisfy the judgment, and alleged, upon information and belief, that the garnishee was indebted to the defendant Colbert for wages; that the garnishee was not a public officer, and that the plaintiff sought to garnishee the wages of the defendant over and above the sum of $50.00 per month and alleged that it did not seek to garnishee property exempt under Section 26, Chapter 63, Laws of 1909. .Interrogatories were filed with the complaint, directed to the Hospital Association, in response to which the association answered that the defendant Colbert was working for it on a salary of $200. per month; that at the time of the service of the garnishment it owed Colbert $164.22 and that there was due the defendant the further sum of $119.63, salary accrued since the service of the garnishment. Colbert filed an answer, alleging that the indebtedness, for which the judgment of $578.30 was rendered, was on account of a contract, and was not for manual labor or the necessities of life furnished to the defendant or his family. The defendant further alleged that he was the head of a family, consisting of a wife and one child; that they were residing in Albuquerque, New Mexico; that he was in the employ of the garnishee defendant, as a surgeon, at a salary of $200.00 per month, and that said salary was his only income, and was necessary for the support of his family and that the same was exempt from levy, execution or garnishment. The plaintiff filed a motion for judgment against the garnishee, for the amount shown to be due, by its answer, less the amount of $50 per month, which plaintiff admitted was exempt by law to Colbert. The court below sustained the motion and rendered judgment for $212.42, being the amount of salary due at the time of the filing of the garnishee's answer less $50 per month. From this judgment appeal is taken.

### OPINION OF THE COURT.

ROBERTS, J.—The only question involved in this case is the construction of Section 26, Chapter 63 of the Laws of 1909, which reads as follows: "No public officer shall be summoned as a garnishee in his official capacity nor shall any person be charged as garnishee on account of current wages due from him to a defendant in his employ unless such debt was incurred for the necessities of life, provided such defendant is the head of a family and a resident of this Territory, and provided further that the wages earned by the defendant do not exceed fifty dollars per month, and in case such wages exceed fifty dollars per month then the excess only may be garnisheed." Appellee bases his right to recover upon this section; his contention being that, by its provisions, the current wages of a debtor may be garnisheed for necessaries of life, and if his wages exceed the sum of $50. per month, then the excess may be garnisheed for any debt. The Supreme Court of the United States, in the case of U. S. v. Goldenberg, 168 U. S. 195, lays down the rule for construing statutes as follows: "The primary and general rule of statutory construction is that the intent of the law maker is to be found in the language that he has used. He is presumed to know the meaning of words and the rules of grammar. The courts have no function of legislation, and simply seek to ascertain the will of the legislator. 'It is true there are cases in which the letter of the statute is not deemed controlling, but the cases are few and exceptional, and only arise where there are cogent reasons for believing that the letter does not fully and accurately disclose the intent. No mere omission, no mere failure to provide for contingencies, which it may seem wise to have specifically provided for, justify any judicial additions to the language of the statute." The section of the statute, under consideration, says when a garnishee may be required to pay into court, wages of a defendant, in his hands. Stripped of surplusage, the first part of the section says, 'that he shall not be charged as garnishee on account of current wages due from him to a defendant in his employ unless

such debt was incurred for the necessities of life.' Can we place any construction upon this language, other than that current wages can not be garnisheed for any debt, unless such debt was incurred for the "necessities of life?" It is not within the province of the court to legislate. Where there is no ambiguity or uncertainty in the words used by the legislature and the meaning and intent is clearly manifest, it is the duty of the court to give effect to the legislative will. Two provisos are added to the words of the statute above quoted. The first proviso makes it necessary that a defendant, before being entitled to the exemption of current wages for any debt, must be a resident of the Territory of New Mexico and the head of a family. If he does not fall within these terms, he is not entitled to claim current wages exempt for any indebtedness. If he is the head of a family and a resident of the Territory, then his wages may be garnisheed for the necessities of life. The second proviso permits him to claim, as exempt from garnishment for debts contracted for the necessities of life, current wages, to the amount of $50.00 per month. Any excess over that amount may be subjected to garnishment. By his answer the appellant Colbert showed that the debt upon which the judgment was based, was not contracted for the necessities of life; that he was a resident of New Mexico and the head of a family and that the money sought to be garnisheed was current wages. This presented a complete defense to the garnishment proceedings and the court erred in rendering judgment for the appellee upon the pleadings. The judgment of the lower court is reversed.

## DISSENTING OPINION.

POPE, C. J.—I dissent from the views announced in the majority opinion, the practical effect of which would be to leave a person receiving a salary running into thousands of dollars immune from garnishment where the debt shall not have been for necessaries. In my view the proper construction of Section 26, of Chapter 63, of the Laws of 1909, is reached by reading the clause "unless such debt was in-

curred for the necessities of life" at the end of the section. Thus transposed the section means that current wages are not subject to garnishment where (a) the defendant is the head of a family, and (b) a resident of this Territory, and (c) the wages do not exceed $50.00, and in case such wages exceed $50.00 then only the excess may be garnisheed, provided, the debt is not incurred for the necessities of life. In other words, no exemption exists (whether the wages exceed $50.00 a month or not) where the debt is for the necessaries of life.